1  FARHAD NOVIAN (SBN 118129)
   farhad@novianlaw.com
2  MICHAEL O'BRIEN (SBN 277244)
   mobrien@novianlaw.com
3  **NOVIAN & NOVIAN LLP**
4  1801 Century Park East, Suite 1201
   Los Angeles, California 90067
5  Telephone:   (310) 553-1222
6  Facsimile:    (310) 553-0222

7
   Attorneys for Plaintiff NOVIAN & NOVIAN LLP
8
9               **UNITED STATES DISTRICT COURT**
10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11
   L.A. T SHIRT & PRINT, INC. d/b/a          | Case No.:
12 RIOT SOCIETY, a California                |
   corporation,                             | **COMPLAINT FOR:**
13
                   Plaintiff,                |
14                                           | 1. **COPYRIGHT**
         v.                                  |    **INFRINGEMENT**
15                                           | 2. **MISREPRESENTATION**
16 UNYOPSA, an unknown business entity;      |
   YUQING ZENG, an individual;              |    **JURY TRIAL DEMANDED**
17 DALIANG ZHUANG, an individual;           |
18 and DOES 1 through 10, inclusive,         |

19
                   Defendants.
20
21
22
23
24
25
26
27
28

Plaintiff L.A. T SHIRT & PRINT, INC. d/b/a RIOT SOCIETY, ("Plaintiff") by and through its undersigned counsel, hereby complains against defendants UNYOPSA ("Unyopsa"), an unknown business entity, YUQING ZENG, a Chinese individual ("Zeng"); MIAOLIANG ZHUANG also known as DALIANG ZHUANG, a Chinese individual ("Zhuang"); and DOES 1 through 10, inclusive (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff creates and obtains rights to unique two-dimensional non-functional artworks which are transacted primarily in and through the apparel industry.  Plaintiff owns the designs in exclusivity and exploits the designs for profit by selling products bearing the designs or entering into licensing agreements with third parties for the sale or display of the designs. Defendants have knowingly and intentionally used one of the designs in the production and sale of unauthorized goods, without entering into a licensing agreement with Plaintiff, thereby infringing Plaintiff's copyright registration with respect to the design.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over Plaintiff's federal claims arising under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

3.      This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortious acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the Defendants can be found in this judicial district. Additionally, Defendants have consented to personal jurisdiction in this judicial district.

4.      Venue is proper in this Court pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred, in which the tortious acts occurred,

1   and in which a substantial part of the injury took place and continues to take place,

2   and because Defendants are subject to and have consented to this Court's personal

3   jurisdiction with respect to this action.

4   ## THE PARTIES

5   5.      Plaintiff is a California corporation doing business as RIOT

6   SOCIETY with its principal place of business in Los Angeles, California.

7   6.      Plaintiff is informed and believes, and thereon alleges, that Unyopsa

8   is a clothing brand that sells clothing through Amazon.com listed at:

9   https://www.amazon.com/s?k=Unyopsa.

10  7.      Plaintiff is informed and believes, and thereon alleges, that Unyopsa

11  is a registered trademark of Zeng who is, and at all times relevant was, operating

12  Unyopsa from No. 11-2, Zengdian, Xiqian Village, Shanting Township, Xiuyu

13  District, Putian, Fujian Province, China 351152.

14  8.      Plaintiff is informed and believes, and thereon alleges, that Zhuang is,

15  and at all times relevant was, operating Unyopsa from No. 191, Qianshan,

16  Zhuangcuo Village, Qianting Town, Zhangpu County, Zhangzhou City, Fujian

17  Province, China 363200.

18  9.      Does 1 through 10 are individuals and/or entities whose true names

19  and capacities are presently unknown to Plaintiff.  Plaintiff is informed and

20  believes, and thereon alleges, that at all times herein mentioned each of the

21  fictitiously named defendants was the agent, servant, and/or employee of his or her

22  co-defendants and, in doing the things herein mentioned, was acting within the

23  scope of his or her authority as such agent, servant, and/or employee, and with the

24  permission and consent of his or her co-defendants, and that each of said fictitiously

25  named defendants is, in some manner, liable or responsible to Plaintiff based upon

26  the facts hereinafter alleged and thereby proximately caused injuries and damages

27  to Plaintiff as more fully alleged herein.  Accordingly, Plaintiff sues said defendants

28  by said fictitious names.  At such time as said defendants' true names and capacities

become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

10.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed a unity of interest and ownership between each and every Defendant such that any individuality or separateness between each and every Defendants has ceased.  Defendants are the alter egos of one another in that Defendants carried on their activities and business together, with an agreement to share in the profits and spoils of their fraudulent activities and business.  Adherence to the fiction of the separate existence between Defendants would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct.  This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves.  The commingling of assets and unlawful business conduct, as alleged more fully herein, by Defendants through one another was intended to, among other things, allow Defendants to avoid liability to Plaintiff for valid obligations.

## **FACTUAL ALLEGATIONS**

11.     Plaintiff is in the garment industry and regularly sells garments bearing the designs. Plaintiff also regularly sells, licenses, or otherwise exploits the designs to manufacturers, retailers, and other third parties.

///
///
///
///
///
///
///

1

2

12.     Plaintiff's original designs include the following (the "Design"):



3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22     13.     Since at least as early as July 2018, Plaintiff has used, and continues

23  to use, the Design in commerce in connection with the sales of apparel, including,

24  but not limited to, hats, hoodies, jackets, long-sleeved shirts, t-shirts, and tank tops,

25  which have been offered and advertised for sale by Plaintiff via numerous outlets

26  including, but not limited to, Plaintiff's website and social media pages, as well as

27  the websites and social media pages of authorized third-party retailers.

28     14.     In fact, Plaintiff owns United States Copyright Office (USCO)

Registration Number VA 2-187-805 for the Design with a date of first publication of July 1, 2018, filing date of January 23, 2020, and registration date of January 28, 2020 (the "Registration").   A true and correct copy of the aforementioned registration is attached hereto as Exhibit A.

15.    In or about October 2021, Plaintiff discovered that Defendants were offering for sale on Amazon.com ("Amazon") apparel that, without authorization, contains all or nearly all of the Design (the "Infringing Goods").  The image below shows Plaintiff's apparel with the Design (left) and Defendants' apparel with the Design (right):




16.    In early May 2022, Plaintiff issue a Notice of Infringement pursuant to the Digital Millennium Copyright Act ("DMCA") to Amazon for products with the following Amazon Serial Identification Numbers ("ASINs"): B09L53KN6M, B09L52TCQ8, B09L52H38Q, B09L52R7RB, and B09L52P88Z. These ASINs reference products sold at the following web addresses (the "Web Addresses"):

1  (i) https://www.amazon.com/dp/B09L53KN6M/; (ii)

2  https://www.amazon.com/dp/B09L52TCQ8/; (iii)

3  https://www.amazon.com/dp/B09L52H38Q/; (iv)

4  https://www.amazon.com/dp/B09L52R7RB/; (v)

5  https://www.amazon.com/dp/B09L52P88Z/.  Collectively, these products are

6  referred to as the "Infringing Products."

7      17.    Plaintiff is informed and believes, and thereon alleges, that Amazon

8  disabled the Web Addresses and provided a copy of Plaintiff's May 2022 Notice

9  of Infringement to Unyopsa.

10     18.    Plaintiff is informed and believes, and thereon alleges, that on May

11  14, 2022, Zhuang sent to Amazon a DMCA Counter-Notice on behalf of Unyopsa

12  stating, in pertinent part:

13              This letter is a Counter-Notification as authorized in

14              § 512(g) of the DMCA. I have a good faith belief that the

15              material identified in the Notice of Infringement was

16              removed or disabled as a result of mistake or

17              misidentification of the material to be removed or

18              disabled. I therefore request that the material be replaced

19              and/or no longer disabled.  [(I)] I am located outside of the

20              United States and I consent to the jurisdiction of any

21              judicial district in which Amazon may be found.  (II) I

22              agree to accept service of process from the person who

23              provided notification under subsection (c)(1)(C) or an

24              agent of such person.…

25     19.    Plaintiff is informed and believes, and thereon alleges, that Zhuang

26  knew that the statement "I have a good faith belief that the material identified in

27  the Notice of Infringement was removed or disabled as a result of mistake or

28  misidentification of the material to be removed or disabled" was false because

Plaintiff correctly identified its apparel bearing the Design, which was published several years before Defendants' nearly identical work.

20.   Plaintiff is informed and believes, and thereon alleges, that Zhuang knew that Plaintiff had created and held all rights to the Design because Defendants removed the RIOT SOCIETY mark from the bottom of the Design but used the remainder of the Design on Defendants' apparel.

**COUNT ONE:**

**COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

21.   Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 20, inclusive, as if fully set forth herein.

22.   Plaintiff is informed and believes, and thereon alleges, that Defendants infringed Plaintiff's copyright by creating directly infringing and/or derivative works from the Design—namely, the Infringing Products—without authorization from Plaintiff and by offering the Infringing Products for sale on Amazon.

23.   Plaintiff is informed and believes, and thereon alleges, that Defendants created the Infringing Products despite being fully aware of Plaintiff's superior rights to the Design.  Plaintiff is also entitled to preliminary and permanent injunctive relief.

24.   As a result of Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

25.   As a result of Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26.   As a result of Defendants' acts of infringement, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

7

COMPLAINT

Defendants' infringement of the Design.

**COUNT TWO:**

**MISREPRESENTATION UNDER THE**

**DIGITIAL MILLENIUM COPYRIGHT ACT**

**(Against All Defendants)**

27.    Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 26, inclusive.

28.    Defendants made a qualifying misrepresentation by asserting in the May 14, 2022 DMCA Counter-Notice that the "the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled."   In fact, Plaintiff's Notice of Infringement correctly and precisely identified the Web Addresses as infringing.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants' misrepresentation induced Amazon to investigate the DMCA Counter-Notice and require that Plaintiff file the present lawsuit or the Web Addresses would be restored.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants acted knowingly and egregiously by making this misrepresentation in the DMCA Counter-Notice while knowing that the Infringing Products contained all or nearly all of the Design without authorization from Plaintiff.

31.    As a result of Defendants' misrepresentation, Plaintiff has suffered damages including, but not limited to, the costs of prosecuting this action.  These damages and attorneys' fees are recoverable under the DMCA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands the following relief against the Defendants with respect to each claim for relief:

With respect to all Defendants, and each of them, as to Counts One and Two:

1. That the Court enjoin Defendants from committing further violations of the Copyright Act related to the Design including enjoining sale of Defendant's Infringing Products for sale at the Web Addresses.

2. That Plaintiff be awarded all profits reaped by Defendants and all losses incurred by Plaintiff as a result of Defendants' sale of the Infringing Products, the exact sum to be proven at the time of trial,

3. Pre-judgment and post-judgment interest;

4. Costs of suit incurred herein, including attorney's fees and costs; and

5. For such other and further relief as the Court may deem just and proper.

Dated:  May 23, 2022          **NOVIAN & NOVIAN LLP**

By:   /s/ Farhad Novian
FARHAD NOVIAN, State Bar No. 118129
MICHAEL O'BRIEN, State Bar No. 277244

Attorneys for Plaintiff L.A. T SHIRT & PRINT, INC. d/b/a RIOT SOCIETY,   a California corporation

1

## **DEMAND FOR JURY TRIAL**

2        A jury trial is demanded pursuant to Fed. R. Civ. P. 38.

3

4    Dated:  May 23, 2022                **NOVIAN & NOVIAN LLP**

5
                                         By:   /s/ Farhad Novian
6                                        FARHAD NOVIAN, State Bar No. 118129
                                         MICHAEL O'BRIEN, State Bar No. 277244
7

8                                        Attorneys for Plaintiff L.A. T SHIRT & PRINT,
                                         INC. d/b/a RIOT SOCIETY,    a California
9                                        corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28